IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF KANSAS


**GARY W. KLEYPAS,**

                             **Petitioner,**

               **v.**                                     **CASE NO. 18-3113-SAC**

**PAUL SNYDER and**
**DEREK SCHMIDT,**

                             **Respondents.**


## O R D E R

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner is a death-sentenced prisoner in the custody of the Secretary of the Kansas Department of Corrections.

The matter comes before the Court on petitioner's motion for leave to proceed in forma pauperis (Doc. 2) and his combined motion to appoint counsel and to stay this matter (Doc. 3).

The Court has examined the record and provisionally grants the motion to proceed in forma pauperis[1].

Petitioner also requests the appointment of counsel under 18 U.S.C. § 3599(e) and a stay of this matter pending the resolution of his state post-conviction action[2].

As a death-sentenced prisoner seeking relief under 28 U.S.C. §2254, petitioner, if he "is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably

---

[1] The Court notes that petitioner submitted the filing fee at the commencement of this action. Because petitioner has not yet submitted a certified financial statement, the Court will direct him to do so.
[2] On January 23, 2018, petitioner filed a post-conviction action under K.S.A. 60-1507 in the District Court of Crawford County, Kansas. That matter was dismissed on April 11, 2018, but it appears that petitioner's motion to alter or amend judgment and motion for relief remain pending.

necessary services" is entitled to the appointment of counsel. 18 U.S.C. § 3599(a)(2). Because the Court has provisionally granted in forma pauperis status, the Court likewise provisionally grants the motion to appoint counsel, pending its receipt and examination of petitioner's financial statement.

Finally, petitioner moves the Court to stay this matter pending the resolution of his state court action. This matter appears to be a protective petition, that is, one filed in the federal court prior to exhaustion in order to prevent the expiration of the one-year deadline under the Antiterrorism and Effective Death Penalty Act (AEDPA). This type of petition has been approved by the United States Supreme Court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(noting that a state prisoner facing the possible expiration of the AEDPA deadline may "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").

Under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court may stay a federal habeas petition where it finds that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petition engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Here, it appears that the remaining time for filing a habeas corpus petition is relatively short. The United States Supreme Court denied review in petitioner's direct appeal on March 27, 2017, *Kleypas v. Kansas*, __ U.S. ___, 137 S.Ct. 1381 (2017), and petitioner filed his state post-conviction action on January 23, 2018, approximately ten months later, leaving roughly two months in the limitation period.

Given the complexity of this case, this relatively brief time militates in favor of a stay. *See Doe v. Jones*, 762 F.3d 1174, 1180 (10th Cir. 2014)(limited time remaining on AEDPA limitation is "a significant factor in determining whether a *Rhines* stay is appropriate").

Next, the Court has considered the petition and finds that petitioner presents claims that are potentially meritorious. Finally, the Court finds no reason to believe that petitioner has intentionally delayed any action in this matter. For these reasons, the Court finds good cause is shown and grants the request to stay this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted.

IT IS FURTHER ORDERED petitioner is granted to and including **April 26, 2019,** to submit a certified institutional financial statement in support of his motion to proceed in forma pauperis.

IT IS FURTHER ORDERED petitioner's combined motion to appoint counsel and motion to stay (Doc. 3) is granted. The request to appoint counsel is provisionally granted pending petitioner's submission of a financial statement as directed herein.

**IT IS SO ORDERED**.

DATED: This 26th day of March, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge